IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:16-cr-00352-HZ-02 |
| Plaintiff, | ORDER |
| v. | |
| LAWRENCE COLLINS, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant Lawrence Collins moves for a stay of this Court's orders committing Defendant to the custody of the Attorney General pending appeal. Def. Mot. Stay, ECF 258. The Government opposes Defendant's motion. Gov't. Resp., ECF 260.

In determining whether to stay an order, the Court looks to: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The first two factors are the "most

1- ORDER

critical," *id.*, and a showing of irreparable harm is "a necessary but not sufficient condition for the exercise of a judicial stay," *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011). The movant must also show "more than a mere possibility of relief." *Nken*, 556 U.S. at 434. "As for the third and fourth factors—assessing how a stay would affect the opposing party and the interest of the public—they merge where, as is the case here, the government is the opposing party." *Leiva-Perez*, 640 F.3d at 970.

The Court finds that the balance of these four factors does not support a stay in the present case. Though there is a risk of irreparable injury to Defendant absent a stay, Defendant has not made a strong showing that he is likely to succeed on the merits. The Ninth Circuit recently considered and rejected a constitutional challenge to the statutory scheme at issue here. *See United States v. Nino*, No. 17-10546, 2019 WL 449675 (9th Cir. Feb. 5, 2019); *see also U.S. v. Strong*, 489 F.3d 1055, 1061-63 (9th Cir. 2007). The record in this case shows that the Attorney General has complied with 18 U.S.C. §§ 4241 and 4247, which require the Attorney General to hospitalize Defendant for treatment in a suitable facility while specifically considering the suitability of that facility's rehabilitation programs in meeting Defendant's needs. The Government has submitted evidence demonstrating that it considered both the nature of the offense and the characteristics of Defendant in determining that FMC Butner is the most suitable facility. Hernandez Decl. ¶¶ 7–8, ECF 252-1 (noting that FMC Butner is "the only BOP medical center currently utilizing a curriculum specifically designed to restore competency to defendants with intellectual disabilities"). As noted previously, testimony from Defendant's competency hearing also suggested that his current out-of-custody restoration program "would not be sufficient to restore [Defendant] to competency." Hr'g Tr. 22:25–23:10, ECF 259; Hr'g Tr. ECF 227.

In addition, the third and fourth factors weigh in the Government's favor. The administration of justice and restoring Defendant to competency are in the public interest. *See United States v. Bohol*, No. CR 02-00523-03 HG, 2011 WL 2791358, at *4 (D. Haw. July 13, 2011) ("Getting the Defendant the psychiatric treatment that he requires to render him competent to proceed with his revocation proceedings is in the public interest."); *see also Nino*, 2019 WL 449675, at *1-2 (indicating that the Government has an "interest in restoring a defendant to competency so that the prosecution may move forward"). Further delay would not serve either interest in this case, which involves unresolved charges against a codefendant and has now been pending for over two years.

## CONCLUSION

Defendant's Motion for Stay of Orders Pending Appeal [258] is DENIED.

IT IS SO ORDERED.

Dated this 22 day of Feb, 2019.

MARCO A. HERNÁNDEZ
United States District Judge